IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| Martha Harris, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.  1:17-cv-1696 |
| Marinosci Law Group, P.C., a Rhode Island professional corporation, | ) ) ) ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Martha Harris, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violation of the FDCPA, and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendant resides and transacts business here.

## PARTIES

3. Plaintiff, Martha Harris ("Harris"), is a citizen of the State of Indiana, residing in the Southern District of Indiana, from whom Defendant attempted to collect a delinquent consumer debt allegedly owed to U.S. Bank for a mortgage on a home.

4. Defendant, Marinosci Law Group, P.C. ("Marinosci"), is a Rhode Island

professional corporation and law firm that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts.  Marinosci operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers throughout the United States, including consumer in the State of Indiana.  In fact, Defendant Marinosci was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant Marinosci is authorized to conduct business in Indiana, and maintains a registered agent here, see, record from the Indiana Secretary of State, attached as Exhibit A.  In fact, Defendant conducts business in Indiana.

**FACTUAL ALLEGATIONS**

6. Due to financial difficulties, Ms. Harris was unable to pay the mortgage she allegedly owed to U.S. Bank for a home loan.  Accordingly, on August 17, 2015, U.S. Bank, filed a Complaint for Foreclosure of Note and Mortgage against Ms. Harris on behalf of U.S. Bank in a matter styled U.S. Bank v. Martha Harris, et al., No. 23C01-1508-MF-249 (Fountain County, Indiana)(the "State Court Lawsuit").

7. On November 3, 2015, Ms. Harris filed a Chapter 7 bankruptcy petition, in a matter styled In re: Harris, S.D. Ind. Bankr. No. 15-9142-JMC-7.  Among the debts listed on Schedule D of Ms. Harris' bankruptcy petition was the debt she allegedly owed to U.S. Bank for the mortgage on a home, see, excerpt of bankruptcy petition, attached as Exhibit B.

8. On November 4 and 6, 2015, U.S Bank was given notice of the bankruptcy by the court, via electronic transmission and then via U.S. Mail, see,

Certificate of Service to the Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors and Deadlines, attached as Exhibit C.

9. On February 9, 2016, Ms. Harris received a discharge from the bankruptcy court of all of her debt obligations, including the U.S Bank debt, and notice was sent to U.S. Bank, see, Order of Discharge, attached as Exhibit D.

10. On May 9, 2016, Defendant Marinosci's attorneys took over the State Court Lawsuit and filed their appearances in the foreclosure matter, see, Notice of Substitution of Counsel and Appearance by Attorney in a Civil case, attached as Group Exhibit E.

11. On September 20, 2016, Defendant Marinosci moved for the grant of a default judgment against Ms. Harris in the State Court Lawsuit, see, Notice of Tender of Original Note and Mortgage, attached as Exhibit F.

12. This caused the State Court to enter a judgment of foreclosure against Ms. Harris on that same day, September 20, 2016. And, although Marinosci's client, U.S Bank, had the right to proceed against the property at issue on an in rem basis, the judgment Defendant Marinosci obtained wrongly included an in personam judgment against Ms. Harris. A copy of the Foreclosure Judgment in the State Court Lawsuit is attached as Exhibit G.

13. False and/or misleading attempts to collect a debt have been held to materially violate the FDCPA. Moreover, unauthorized, impermissible in personam judgments damage a consumer's credit and deprive a consumer of the fresh start envisioned by the bankruptcy code. As a result of Defendant's unauthorized, impermissible judgment, Plaintiff was financially damaged and deprived of the fresh

start provided by the bankruptcy code.

14. All of Defendant's collection actions at issue in this matter occurred within one year of the date of this Complaint.

15. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
## Violation Of § 1692e Of The FDCPA --
## False, deceptive Or Misleading Collection Actions

16. Plaintiff adopts and realleges ¶¶ 1-15.

17. Section 1692e of the FDCPA prohibits a debt collector from using any false and/or any deceptive or misleading representation or means in connection with the collection of a debt, including, but not limited to, the false representation of the character, amount or legal status of any debt, and the taking of an action that one cannot legally take, see 15 U.S.C. § 1692e(2)(A) and (5).

18. Defendant, by obtaining an in personam judgment on a discharged mortgage debt obligation, engaged in false and/or deceptive or misleading collection actions, in violation of § 1692e of the FDCPA. See, Coulter v. Manley Deas Kochalski, 2014 U.S. District LEXIS 64731 (S.D. Ind.) (Pratt, J.); see also, Randolph v. IMBS, 368 F.3d 726, 728-730 (7th Cir. 2004).

19. Defendant's violation of § 1692e of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692f Of The FDCPA -- Unfair Or Unconscionable Collection Actions

20. Plaintiff adopts and realleges ¶¶ 1-15.

21. Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt, see, 15 U.S.C. § 1692f.

22. Defendant, by obtaining an in personam judgment on a discharged mortgage debt obligation, used unfair or unconscionable means to collect a debt, in violation of § 1692f of the FDCPA.

23. Defendant's violation of § 1692f of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Martha Harris, prays that this Court:

1. Declare that Defendant's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Harris, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by §1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Martha Harris, demands trial by jury.

Martha Harris,

By:/s/ David J. Philipps\_\_\_\_\_
One of Plaintiff's Attorneys

Dated:  May 22, 2017

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com

John T. Steinkamp   (Ind. Bar No. 19891-49)
5214 S. East Street
Suite D1
Indianapolis, Indiana 46227
(317) 780-8300
(317) 217-1320 (FAX)
steinkamplaw@yahoo.com